*F. M. Hatch,* for plaintiff.

*W. O. Smith,* for defendant.

---

## KEKAHA SUGAR COMPANY *vs.* HAWAIIAN GOVERNMENT.

## MEIER AND KRUSE *vs.* HAWAIIAN GOVERNMENT.

SUBMISSION ON AGREED FACTS.

HEARING, AUGUST 26, 1891.   DECISION, OCTOBER 30, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.   McCULLY, J., ABSENT.

The taxation of a contract to cultivate sugar cane on the one part, and to manufacture it on the other part, is illegal, for the value of the property affected by the contract has been enhanced by whatever value there is in the contract, and being assessed therefor, any assessment of the contract would be an additional assessment of a value already assessed, which would involve double taxation.

Labor contracts are not taxable, not being assignable, and having no assessable value in themselves.

OPINION OF THE COURT, BY JUDD, C.J.

The Legislature of 1886 added to the definition of what shall be deemed personal property, for the purposes of taxation,— "jewelry, watches, machinery, franchises, patents, contracts." All but the last three items are clearly "goods, chattels, wares and merchandise," by the previous law taxable, and the particular enumeration of "jewelry, watches and machinery" added nothing to the law.   Franchises and patents are not tangible objects, but in so far as they have value it may be that they are taxable.   They are not questioned in these cases.   In the cases before us we have to consider whether certain contracts are taxable.   The contract introduced in evidence before us is

an agreement, in three parts, between the owner of certain land, on Kauai, the proprietors of a sugar mill and the planters of sugar cane. This contract, together with some labor contracts, has been assessed to the mill proprietors as worth to them $37,000 in 1889 and $25,000 in 1890, and to the planters as worth to them $10,000 in 1889 and $9167 in 1890. The record shows that the taxes thereon have been paid under protest by both these parties for the years 1889 and 1890, and the object of these suits is to recover the taxes thus paid, with interest.

It is contended by counsel for the Government that the Legislature having made "contracts," as such, taxable, it is not for the Court to annul this law.

Mr. Hatch, for the plaintiffs, submits that " to assess contracts would be a violation of the rule against double taxation laid down in *Castle vs. Luce*, 4 Hawn., 63. All of the tangible property in regard to which a contract is made is taxed. If the contract be to build a house, the land on which the house is to be built is taxed, so are the building materials which are to go into the house. What remains to be taxed? Nothing. Human labor is not to be taxed unless men are treated as chattels. How then can an agreement to perform labor be a proper subject of taxation? A contract creates no new value. It is an agreement to do something or to refrain from doing something. It is not property which can pass from hand to hand and be sold in open market. Profit may be made out of contract, but man's profits, industry, foresight, intrepidity and hopes are not taxable. What limit can be placed upon the term "contracts" for taxable purposes? It cannot be restricted to contracts in writing. If any contract is to be taxed, then why not all contracts, as those for the sale of goods over a counter, that between a physician and patient, a householder and his cook? The value of a contract cannot be apportioned between the parties to it. The full value cannot be taxed to both. In so far as the contract is peculiarly beneficial to one party it is a burden to the other. In the case at bar, besides the labor contracts, is the contract for making sugar. It is tripartite. It is an agreement for doing work. Yet the land, the cane, the

mill and machinery are all taxed. The work can only be done at that mill. Every item of property which makes the contract of any value has been taxed."

"A contract, moreover, is merely the evidence of an agreement; the title upon which one may demand that something shall be done. It is no more taxable than title deeds or other evidences of rights. If a contract is assessable, why not the breach of it. A breach is capable of exact computation. This would lead to the taxation of choses in action."

Without going into the general question whether contracts may be taxed under our statutes, we fail to see how the principal contract before us has any value separate and apart from the tangible property, for the management of which it was entered into. The land, the crops of cane, the mill and machinery are all assessed, and taxes on them have been paid. And, presumably, the fact that the land was being cultivated and the cane-grown and the mill run to manufacture sugar under a contract to do so, has entered into the assessed value of this property. To tax every item of tangible property and then tax an engagement for the management or use of this property would, under these circumstances, be double taxation, which is unconstitutional.

The labor contracts are also assessed. These are engagements in writing for personal services by human beings, to be paid for in stipulated sums. These are not assignable. They may be valuable to the employer or not, according as to whether the wages paid are high or low, and whether the labor performed is efficient and produces a profit. They cannot be sold in market overt; and their assessable value to the employer, if they have any, is conjectural and uncertain. We think they are not taxable.

Let judgment be entered for the plaintiffs, as claimed.

*F. M: Hatch*, for plaintiffs.

*Deputy Attorney-General Creighton*, for defendant.